IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEQUANTES LAMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:15-cv-02775-TCB |
| THINK IT'S A GAME | ) | |
| ENTERTAINMENT, LLC; FLY | ) | |
| MERCHANDISE ENTERPRISES, | ) | |
| LLC and GIRVAN HENRY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEQUANTES LAMAR'S AFFIRMATIVE DEFENSES AND ANSWER TO THINK IT'S A GAME ENTERTAINMENT, LLC'S COUNTERCLAIM

COMES NOW, DeQuantes Lamar ("Artist") as Counter-defendant, and pursuant to the Fed. R. Civ. P 12(a)(1)(C), files his Affirmative Defenses and Answer to Think It's A Game Entertainment, LLC's Counterclaim, showing as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Think It's A Game Entertainment, LLC ("Counterclaimant") states no claim cognizable under Georgia law for fraud; as among other things, no allegation is set forth regarding reasonable reliance and actual reliance upon any alleged fraudulent statement which caused injury.

### SECOND AFFIRMATIVE DEFENSE

Counterclaimant has failed to plead fraud with the requisite particularity demanded by Fed. F. Civ. P 9(b); as for example, the Counterclaim fails to set forth the content of the alleged fraudulent statements, the time of the fraud, and the manner in which it was relied upon to the detriment of Counterclaimant.

### THIRD AFFIRMATIVE DEFENSE

The TIG Agreement is impermissibly vague and cannot be interpreted even following application of the applicable rules of contract construction or parol evidence.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that the TIG Agreement is an enforceable contract, Counterclaimant's claims are barred due its material prior breach of such contract

which excused performance by Artist and which is also a basis for rescission as set forth in the case in chief.

## FIFTH AFFIRMATIVE DEFENSE

Artist is entitled to recoupment in the amount owed by Counterclaimant to Artist as may be proven in the case in chief to the extent the claims arise from the same transaction.

## SIXTH AFFIRMATIVE DEFENSE

Artist is entitled to a setoff in the amount owed by Counterclaimant to Artist as may be proven in the case in chief to the extent the claims arise from different obligations.

## SEVENTH AFFIRMATIVE DEFENSE

Counterclaimant's claim for injunctive relief is barred by the doctrines of unclean hands and latches.

## EIGHTH AFFIRMATIVE DEFENSE

Counterclaimant's claims that assert its rights as an alleged copyright owner are barred by the operation of 17 U.S.C. § 204 and because any claim to copyright under the work made for hire doctrine is barred since the sound recordings at issue are not a proper subject matter for application of the work made for hire doctrine and, as such, copyrights did not vest in Counterclaimant under such a theory.

**NINTH AFFIRMTIVE DEFENSE**

Counterclaimant's claims are barred, in whole or in part, because Counterclaimant has breached its contractual duties.

**TENTH AFFIRMATIVE DEFENSE**

Artist asserts the defenses of waiver, release and estoppel.

**ANSWER TO SPECIFIC ALLEGATIONS OF THE COUNTERCLAIM**

Artist responds to the specific allegations of the Counterclaim, as follows:

1.

Artist admits that Plaintiff TIG is a Georgia limited liability company. Artist is without knowledge as to the location of the primary office of TIG, noting that as of the date of this Answer to Counterclaim the records of the Georgia Secretary of State show the principal office address as 1888 Emery Street, Suite 111, Fulton, Atlanta, GA 30318, USA.

2.

Artist admits the allegations of Paragraph 2 of the Counterclaim.

3.

Artist admits that he entered into a purported agreement on or about July 27, 2012.  Artist denies the remaining allegations of Paragraph 3 of the Counterclaim.

4.

Artist denies the allegations of Paragraph 4 of the Counterclaim.

5.

Artist denies the allegations of Paragraph 5 of the Counterclaim.

6.

Artist denies the allegations of Paragraph 6 of the Counterclaim.

7.

Artist denies the allegations of Paragraph 7 of the Counterclaim.

8.

Artist denies the allegations of Paragraph 8 of the Counterclaim.

9.

Artist admits that Simon Gray formed TIG Booking on or about December

26, 2012. Artist denies the remaining allegations of Paragraph 9 of the

Counterclaim.

10.

Artist denies the allegations of Paragraph 10 of the Counterclaim.

11.

Artist denies the allegations of Paragraph 11 of the Counterclaim.

12.

Artist denies the allegations of Paragraph 12 of the Counterclaim.

13.

Artist admits that he has sought, including via his action in this case, to sever all business ties with TIG. Artist denies the remaining allegations of Paragraph 13 of the Counterclaim.

14.

Artist denies the allegations of Paragraph 14 of the Counterclaim.

15.

Artist denies the allegations of Paragraph 15 of the Counterclaim.

16.

Artist admits that he seeks to sever all ties with TIG. Artist admits that Richhomiez Management, LLC and Richhomiez Publishing, LLC were created. Artist denies the remaining allegations of Paragraph 16 of the Counterclaim.

17.

Artist denies the allegation so Paragraph 17 of the Counterclaim.

18.

Artist admits the allegations of Paragraph 18 of the Counterclaim.

19.

Artist admits the allegations of Paragraph 19 of the Counterclaim, but denies

any implication that shifting "his booking activities away from TIG or to the

Linwood Agency" in any way violated any alleged duty to TIG.

20.

Artist denies the allegations of Paragraph 20 of the Counterclaim.

21.

Artist denies the allegations of Paragraph 21 of the Counterclaim.

22.

Artist admits that in the summer of 2014, he accompanied the successful

hip-hop artist known as Wiz Khalifa, on the "Under the Influence" tour and that to

the best of his recollection that tour included 22 cities. Artist admits that he has not

provided an accounting to TIG for merchandise that may have been sold and that

he has not tendered to TIG the income earned from such activities. Artist denies

any implication that such violated any alleged duty to TIG.

23.

Artist admits that he has collaborated with a clothing company known as

"8732" and received monies from "8732." Artist admits that he has not provided

TIG an accounting of this activity or paid to TIG any of the ancillary income from

that activity. Artist denies any implication that such violated any alleged duty to TIG.

24.

Artist denies the allegations of Paragraph 24 of the Counterclaim.

25.

Artist denies the allegations of Paragraph 25 of the Counterclaim.

26.

Artist admits the allegations of Paragraph 26 of the Counterclaim. Artist denies any implication that such violated any alleged duty to TIG.

27.

Artist denies the allegations of Paragraph 27 of the Counterclaim.

28.

Artist admits that he has not made payments to TIG since February 27, 2015. Artist denies the remaining allegations of Paragraph 28 of the Counterclaim.

29.

Artist denies the allegations of Paragraph 29 of the Counterclaim.

30.

Artist denies the allegations of Paragraph 30 of the Counterclaim.

31.

Artist denies the allegations of Paragraph 31 of the Counterclaim.

32.

Artist denies the allegations of Paragraph 32 of the Counterclaim.

**Count One**
**Breach of Contract**

33.

Artist incorporates his responses to the individually numbered paragraphs of the Counterclaim above as if fully set forth herein.

34.

Artist denies the allegations of Paragraph 34 of the Counterclaim.

35.

Artist denies the allegations of Paragraph 35 of the Counterclaim.

36.

Artist denies the allegations of Paragraph 36 of the Counterclaim.

37.

Artist denies the allegations of Paragraph 37 of the Counterclaim.

## Count Two
## Duty to Account to Copyright Co-Owner

### 38.

Artist incorporates his responses to the individually numbered paragraphs of the Counterclaim above as if fully set forth herein.

### 39.

Artist denies the allegations of Paragraph 39 of the Counterclaim.

### 40.

Artist denies the allegations of Paragraph 40 of the Counterclaim.

### 41.

The allegations of Paragraph 41 are not factual allegations to which a factual response is required but to the extent a response is deemed required Artist denies the allegations of Paragraph 41 of the Counterclaim.

### 42.

Artist denies the allegations of Paragraph 42 of the Counterclaim.

### 43.

Artist denies the allegations of Paragraph 43 of the Counterclaim.

**Count Three**
**Fraud**

44.

Artist incorporates his responses to the individually numbered paragraphs of the Counterclaim above as if fully set forth herein.

45.

Artist denies the allegations of Paragraph 45 of the Counterclaim.

46.

Artist denies the allegations of Paragraph 46 of the Counterclaim.

47.

Artist denies the allegations of Paragraph 47 of the Counterclaim.

48.

Artist denies the allegations of Paragraph 48 of the Counterclaim.

49.

Artist denies the allegations of Paragraph 49 of the Counterclaim.

**Count Four**
**Injunctive Relief**

50.

Artist incorporates his responses to the individually numbered paragraphs of the Counterclaim above as if fully set forth herein.

51.

Artist denies the allegations of Paragraph 51 of the Counterclaim.

52.

Artist denies the allegations of Paragraph 52 of the Counterclaim.

53.

Artist denies the allegations of Paragraph 53 of the Counterclaim.

54.

Artist denies the allegations of Paragraph 54 of the Counterclaim.

**Count Five**
**Attorneys' Fees**

55.

Artist incorporates his responses to the individually numbered paragraphs of the Counterclaim above as if fully set forth herein.

56.

Artist denies the allegations of Paragraph 56 of the Counterclaim.

57.

Artist denies the allegations of Paragraph 57 of the Counterclaim.

All remaining allegations of the Counterclaim not specifically addressed above are denied.

Respectfully submitted, this 8th day of December, 2015.

Attorneys for Counter-defendant:

s/Brianna E. Williams
Georgia State Bar No. 226344
MÉLANGE | A WILLIAMS FIRM
1170 Peachtree Street, Suite 1200
Atlanta, Georgia 30309
Telephone: 404.885.5800
brianna@themelangefirm.com

s/Albert A. Chapar, Jr.
Georgia State Bar No. 120940
The Chapar Firm, LLC
945 Bank Street, Suite B
Conyers, Georgia 30012
Telephone 770.483.4115
achapar@chaparlaw.com

# CERTIFICATE OF SERVICE

The undersigned hereby certify that on December 8, 2015, a true and correct copy of the foregoing **DEQUANTES LAMAR'S AFFIRMATIVE DEFENSES AND ANSWER TO THINK IT'S A GAME ENTERTAINMENT, LLC'S COUNTERCLAIM** has been filed with the U.S. District Court's CM/ECF System and, pursuant thereto, a copy of such pleading has been served upon the following persons by electronic mail:

Hayden Pace, Esq.
Stokes Wagner Hunt Martz & Terrell, ALC
One Atlanta Center, Suite 2400
1201 W. Peachtree Street NW
Atlanta, Georgia  30309
hpace@stokeswagner.com

Attorneys for Plaintiff:

s/Brianna E. Williams
Georgia State Bar No. 226344
MÉLANGE | A WILLIAMS FIRM
1170 Peachtree Street, Suite 1200
Atlanta, Georgia 30309
Telephone: 404.885.5800
brianna@themelangefirm.com

s/Albert A. Chapar, Jr.
Georgia State Bar No. 120940
The Chapar Firm, LLC
945 Bank Street, Suite B
Conyers, Georgia 30012
Telephone 770.483.4115
achapar@chaparlaw.com